# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| ANDREA JO KUNIK,<br><br>      Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>      Defendant. | No. C13-3025-LTS<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT** |

      This case is before me on plaintiff's April 25, 2014, application (Doc. No. 23) for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On January 27, 2014, this court reversed and remanded the decision of the Commissioner of Social Security (Commissioner) (Doc. No. 20). Plaintiff now requests $3,425.00 in attorney fees for her attorney's work on the case and alleges that the Commissioner's position was not substantially justified. In support of her application, plaintiff has attached (a) the affidavit of her attorney, David Eastman, (b) an itemization of the time Mr. Eastman spent on the case and (c) her own affidavit, which includes an assignment of her interests in the attorney fee award to Mr. Eastman. She requests that the award be made payable to him.

      On May 9, 2014, the Commissioner filed her response (Doc. No. 24) to plaintiff's application. The Commissioner indicates she has no objection to entry of an order awarding attorney fees under EAJA in the amount of $3,425.00, to be paid by the Social Security Administration. However, the Commissioner contends that the award must be paid to plaintiff, not to Mr. Eastman, as it will be subject to offset to satisfy any pre-existing debt plaintiff may owe to the United States.

## DISCUSSION

*A.   Legal Standards*

Attorney fees may be awarded to a "prevailing party" in a Social Security appeal under the EAJA. *See* 28 U.S.C. § 2412(d). The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances." *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (finding no special circumstances that would make an award unjust and stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"). The Eighth Circuit has, however, specifically addressed the issue of when a position is substantially justified:

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position. The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see also Lauer v. Barnhart*, 321 F.3d 762, 765 (8th Cir. 2003) (recognizing "the overriding, fundamental principal [sic] that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that [his] position was

'justified to a degree that could satisfy a reasonable person.'") (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

To obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" is defined as "a judgment which is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). "[T]he provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional,'" but instead are "ancillary to the judgment of a court." *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004). The government, therefore, can waive this requirement because it is present to protect the government's interests. *See Vasquez v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate is established by statute:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see also Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that, "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the applicable statutory amount], enhanced fees should be awarded"). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency [(the Social Security Administration)] over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4). Attorney fees awarded under EAJA are payable to the litigant, not to the litigant's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 592-98 (2010).

*B.  Analysis*

I find that plaintiff is a "prevailing party," her request is timely, and the Commissioner, by consenting to the award of attorney fees, has not shown either substantial justification or special circumstances to preclude an award of reasonable attorney fees.  *See* 28 U.S.C. § 2412(d)(1)(A).  Based on my review of the exhibits attached to plaintiff's application, which include an itemization of the hours her attorney worked on this case, I find that an award of fees in the amount of $3,425.00 is reasonable and appropriate, as it represents a reasonable amount of hours billed at the statutorily permissible rate of $125 per hour.

However, I must reject plaintiff's request that the award be made payable to her attorney, rather than to herself.  As noted above, the Supreme Court has held that an award made pursuant to the EAJA must be made payable to the litigant, not to the litigant's attorney.  *See Ratliff*, 560 U.S. at 592-98.  While plaintiff has submitted an affidavit in which she assigns her interest in the award to her attorney, she has cited no case indicating that such an assignment is effective to avoid the holding of *Ratliff*.  Judge Bennett has analyzed the effect of an assignment under these circumstances as follows:

> I do not interpret *Ratliff* to allow me to award fees directly to a litigant's attorney, even where the litigant has assigned EAJA fees to his attorney. While the *Ratliff* Court did acknowledge the government's practice of paying EAJA fees directly to a litigant's attorney, where the litigant owed no debts to the United States and had assigned her EAJA fees to her attorney, the Court concluded that this practice did not alter its conclusion that the EAJA directs courts to award fees to litigants, not litigant's attorneys-and thus rejected *Ratliff's* argument to the contrary . . . . A litigant's assignment of fees to her attorney does not permit a court to circumvent *Ratliff's* conclusion that a court must award EAJA fees to the litigant . . . .

*Tracy v. Colvin,* No. C11–3072–MWB, 2013 WL 1213125, at *2 (N.D. Iowa Mar. 25, 2013) (internal citations and quotations omitted).  Judge Bennett thus awarded fees in *Tracy* to the plaintiff, not to plaintiff's attorney, despite plaintiff's assignment of those fees.  *Id.* at *3.  He did, however, state that the payment could be mailed to plaintiff's

4

counsel, if such mailing would be "consistent with the Commissioner's and the Department of Treasury's practice." *Id.*

I agree with the analysis in *Tracy* and hold that *Ratliff* precludes making the attorney fee award payable to plaintiff's counsel. Instead, the award must be made payable to plaintiff and is subject to offset for any debts plaintiff may owe to the United States. As indicated in *Tracy*, payment may be mailed to plaintiff's counsel if that is consistent with the Commissioner's and the Department of Treasury's practice.

## *CONCLUSION*

Plaintiff's application (Doc. No. 23) for attorney fees is **granted**. Judgment will enter for plaintiff in the amount of **$3,425.00**, representing attorney fees to be paid to plaintiff by the Social Security Administration.

**IT IS SO ORDERED.**

**DATED** this 12th day of May, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE